UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 08-27-GWU


TOMMY L. MARCUM,                                                        PLAINTIFF,


VS.                                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.


### INTRODUCTION

Tommy Marcum brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB).  The case is before the court on cross-motions for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to

08-27  Tommy L. Marcum

        Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.  <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

08-27  Tommy L. Marcum

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

08-27  Tommy L. Marcum

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

08-27  Tommy L. Marcum

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist.

08-27  Tommy L. Marcum

Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Marcum, a 47-year-old former sales person, meat packing plant laborer, janitor and assembler with a high school equivalent education, suffered from impairments related to chronic obstructive pulmonary disease, coronary artery disease (being status post coronary artery bypass surgery with stent placement) and a depressive disorder.  (Tr. 15, 18).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 21).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 22-23).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 22).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the

court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question initially presented to Vocational Expert Bill Ellis included an exertional limitation to light level work restricted from a full range by such non-exertional limitations as (1) a need to avoid concentrated exposure to pulmonary irritants, temperature extremes or excessive humidity; (2) a need to avoid work around unprotected heights or hazardous machinery; and (3) a limitation to jobs requiring only simple instructions in an object-focused environment with only occasional and superficial interaction with co-workers, supervisors or the general public.  (Tr. 639-640).  In response, Ellis identified a significant number of jobs which could still be performed.  (Tr. 640).  The ALJ then asked the witness about the effect of a sit/stand option on the aforementioned job base.  (Id.).  Ellis reported that this additional limitation would not affect the previously cited job numbers.  (Id.). The ALJ then presented a hypothetical question limiting one to sedentary level work with all of the same mental and physical restrictions which had been previously presented.  (Tr. 640-641).  The expert again identified a significant number of jobs which could still be done.  (Tr. 641).  The ALJ relied upon this testimony to support the administrative decision.

The ALJ erred in evaluating Marcum's physical condition.  Dr. Rhonda Sivley, a treating source, identified a number of very serious physical restrictions on a Physical Capacities Evaluation Form including a inability to lift and carry more than

08-27  Tommy L. Marcum

5 pounds occasionally, sit for more than a total of two hours a day or stand or walk for more than one hour a day each.  (Tr. 259).  These were far more severe physical limitations than found by the ALJ and presented to the vocational expert and would likely be totally disabling.  Indeed, Dr. Sivley later stated in a letter that the plaintiff was totally disabled.  (Tr. 457).  The ALJ rejected Dr. Sivley's opinion as binding because he did not believe that it was well-supported by objective medical data and inconsistent with other evidence of record.  (Tr. 20).  However, even if this was appropriate, Dr. Sivley was still the only treating or examining medical source to identify specific physical limitations during the relevant time frame.

The ALJ cited the opinions of the non-examining medical reviewers in support of his opinion.  (Id.).  Dr. Timothy Gregg (Tr. 323-330) and Dr. Amanda Lange (Tr. 333-340) each reported that Marcum could perform a restricted range of light level work with balancing and climbing ladders, ropes and scaffolds limited to occasional performance and with a need to avoid concentrated exposure to temperature extremes.  The ALJ's hypothetical question did not include the balancing and climbing restrictions identified by the reviewers.  The administrative regulations indicate that unless a treating physician's opinion is adopted, then the ALJ must explain the weight given to the opinion of the medical reviewer. 20 C.F.R. § 404.1527(f)(2)(ii).  In the present action, the ALJ did not adopt the treating physician's opinion nor did he articulate reasons why the reviewer's balancing and

climbing limitations were to be rejected.  Therefore, the hypothetical question did not fairly depict the claimant's physical condition.

The hypothetical question also did not fairly depict Marcum's mental status. The plaintiff sought treatment for his mental problems at the Cumberland River Comprehensive Care Center.  The plaintiff was noted to have "low" societal/role functioning and  interpersonal functioning as well as "moderately low" functioning in daily living/personal care functioning.  (Tr. 201).  These restrictions were not fully reflected in the hypothetical question.

Psychologist William Stanley examined Marcum and diagnosed a major depressive disorder and low average intelligence.  (Tr. 187).  The claimant's Global Assessment of Functioning (GAF) was rated at 45 to 50.  (Id.).  Such a GAF rating suggests the existence of serious psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  Stanley opined that the plaintiff would be "limited" in such areas as the ability to concentrate and persist, social interaction, and adaptation.  (Tr. 188).  The mental factors presented to the vocational expert included restrictions relating to social interaction but not concerning concentration and persistence or adaptation.  The ALJ indicated that he rejected the GAF rating reported by Stanley but he did not address the specific mental restrictions noted by the examiner.  (Tr. 20).  Thus, the hypothetical question was not consistent with this opinion.

08-27  Tommy L. Marcum

Psychologists Jane Brake (Tr. 313-314) and Larry Freudenberger (Tr. 319-320), the non-examining medical reviewers, each opined that Marcum would be "moderately" limited in such areas as understanding, remembering and carrying out detailed instructions, maintaining attention and concentration for extended time periods, working in coordination with or proximity to others without being distracted by them, interacting with the general public, getting along with co-workers or peers without being distracted or exhibiting behavioral extremes, responding to changes in the work setting, and setting realistic goals or making plans independently of others.  These mental restrictions also appear more extensive than those presented to the vocational expert.   Therefore, a remand of the action to reconsider the plaintiff's mental status is also required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion in so far as such relief is achieved and deny that of the defendant.

This the 17th day of December, 2008.



**Signed By:**

*G. Wix Unthank*

**United States Senior Judge**